57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Raymond TAPIA, Jason Corona, Plaintiffs-Appellants,
v.
Daryl GATES, Former Chief of Police; Tom Bradley, Former
Mayor; City of Los Angeles; Robert Talcott, et
al., Defendants-Appellees.
 No. 93-56658.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided May 26, 1995.
 
 Before: FLETCHER, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs Raymond Tapia and Jason Corona appeal the district court's dismissal of their section 1983 claims against the City of Los Angeles and various city officials. We have jurisdiction and affirm.
 
 FACTS
 
 3
 At about 1:00 a.m. on December 6, 1991, Tapia and Corona got into a physical altercation with Salvador Silva, an off-duty Los Angeles Police Department (LAPD) officer, culminating in Silva's actions, which eventually were consolidated, against Silva, the City of Los Angeles, and various city officials[1] under 42 U.S.C. Sec. 1983, alleging that Silva had used excessive force against them. After their complaints were filed, the plaintiffs settled with Silva for $ 3.5 million. In the settlement, Silva stipulated that he used unreasonable force against the plaintiffs while acting under color of state law and in accordance with his training by the LAPD.
 
 
 4
 On April 21, 1993, the court issued a pretrial order stipulated to by the parties bifurcating the action "[i]n the interests of judicial efficiency," requiring the plaintiffs to prove Silva's liability under section 1983 before obtaining discovery on their claims against the City defendants. Accordingly, the district court refused to consider any discovery disputes unless a jury first determined that Silva had used excessive force and acted under color of state law.
 
 
 5
 On August 4, 1993, the plaintiffs moved to "unbifurcate" the trial, arguing for the first time that the City defendants could be held liable regardless of Silva's liability. The district court denied the plaintiffs' motion, and the case proceeded to trial. After the first phase of the trial, the jury returned a special verdict finding that Silva had exercised unreasonable force in shooting Tapia and Corona but that he had not acted under color of state law. In accord with its pretrial order, the district court entered judgment for the City defendants. The plaintiffs filed a timely notice of appeal.[2]
 
 DISCUSSION
 
 6
 A pretrial order controls the subsequent course of litigation unless modified by a subsequent order. Fed. R. Civ. P. 16(e); Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge, 827 F.2d 1324, 1329 (9th Cir. 1987). The plaintiffs not only stipulated to the pretrial order bifurcating the litigation, but also proposed it in the first place. Although the plaintiffs' subsequent motion to "unbifurcate" the trial arguably was a motion to modify the pretrial order, the decision whether to modify a pretrial order is within the discretion of the district court. Jordan v. Clark, 847 F.2d 1368, 1377 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 7
 The district court did not abuse its discretion in refusing to modify the pretrial order. Even if city officials can be held liable under section 1983 for injuries inflicted by one of its employees who was not acting under color of state law at the time, compare Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994) with Gibson v. Chicago, 910 F.2d 1510 (7th Cir. 1990), the plaintiffs failed to allege a specific city practice, independent of Silva's conduct, that could have caused the plaintiffs' injuries. Cf. id. at 1519-23 (plaintiffs alleged that city's failure to confiscate weapons and ammunition from mentally unbalanced police officer amounted to deliberate indifference). Rather, Tapia and Corona vaguely alleged that Silva's violence resulted from his training as an LAPD officer. In light of the plaintiffs' failure to articulate any theory of liability against the City defendants that was truly separate from and not simply derivative of their claim against Silva, the district court did not abuse its discretion in refusing to modify the pretrial order.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The City and city officials are referred to collectively as the "City defendants."
 
 
 [2]
 The plaintiffs' notice of appeal was filed within thirty days of the district court's amended judgment entered on November 2, 1993. Because the amended judgment reflected determinations the district court made for the first time that had not been contained in the original judgment, the amended judgment "resolve[d] a genuine ambiguity" and began a new thirty-day appeal period. See FTC v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211 (1952)